UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL ESPARZA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-289 |
| | § | |
| PARAGON SHIPPING, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is Plaintiff, Daniel Esparza's (Esparza's), Motion to Remand (D.E. 9) and Defendant Paragon Shipping, Inc.'s Rule 12(b)(2), (4) and (5) Motion to Dismiss (D.E. 11). Esparza sues for personal injuries sustained while working to unload cargo on a ship docked at the Port of Corpus Christi. Defendant Paragon Shipping, Inc. (Paragon) removed the case to this Court pursuant to admiralty jurisdiction under 28 U.S.C. § 1333 together with diversity jurisdiction under 28 U.S.C. § 1332, claiming improper joinder of the non-diverse Defendant, Port of Corpus Christi Authority (Port).

Esparza challenges the removal based on (1) the Port's immunity from suit in federal court under the Eleventh Amendment, (2) an alleged procedural deficiency regarding untimely consent to removal by co-defendants, and (3) a failure to demonstrate complete diversity. Paragon defends removal and further seeks dismissal, arguing (1) lack of personal jurisdiction and (2) insufficient service of process. While Paragon invokes both Rule 12(b)(4) and 12(b)(5), it is clear from the briefing that it is the manner of service and not the documentation allegedly served that is challenged. Thus the Rule

12(b)(4) "insufficient process" claim is moot and this Court will consider the challenge to service under Rule 12(b)(5).

The motions for remand and dismissal are decided together because the sufficiency of service of summons is integral to the determination of the propriety of the removal, and proper jurisdiction by way of removal is required to rule on the merits of the motion to dismiss, including its challenge to the sufficiency of service. For the reasons set out below, the Motion to Remand is DENIED and the Motion to Dismiss is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE.

## DISCUSSION

A. **Procedural Sufficiency of Removal**

Esparza has alleged a procedural defect in Paragon's removal of this case. Esparza filed this action in the County Court at Law No. 3, Nueces County, Texas, on August 5, 2013. D.E. 1-1, p. 14. While Paragon denies that it has been served with summons according to law, it alleges that attempted service was made by which it first received a copy of the state court petition on August 20, 2013. Paragon thus contends that it timely filed its Notice of Removal in this Court on September 16, 2013, within 30 days of the attempted service and actual receipt. 28 U.S.C. § 1446(b). Plaintiff does not dispute this timing.

Under 28 U.S.C. § 1446(b)(2)(A), all defendants are required to timely consent to removal under the "unanimity rule." *See generally, Acosta v. Master Maintenance & Const. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)). At the time of filing the

Notice of Removal, Paragon attached the consent of the Port (D.E. 1-2), but not the consent of Research Fumigation Company, LLC (Research Fumigation), the third Defendant that had been joined and served. Return of Service (D.E. 1-1, p. 10) and Plaintiff's Original Petition (D.E. 1-1, pp. 14-19).

In its Notice of Removal, Paragon asserted that the consent of Research Fumigation was not necessary because, while served, it had not yet made its appearance in the case. D.E. 1, p. 10. This assertion is contrary to the language of 28 U.S.C. § 1446(b)(2)(A), which requires the consent of all defendants who have been "properly joined and served." The deadline for parties' responsive pleadings has no impact on the duty to obtain consent of all defendants joined and served. Paragon's explanation (D.E. 1) did not excuse the requirement of Research Fumigation's consent.

Defendant Research Fumigation was served on August 29, 2013. D.E. 1-1, p. 10. The confirming Affidavit of Service was filed in the state court action on September 6, 2013. *Id*. These were matters of record prior to the filing of the Notice of Removal on September 16, 2013, and Paragon acknowledged that service had been accomplished. D.E. 1, p. 10. Research Fumigation did not consent to removal until it filed its responsive pleading[1] on October 7, 2013, which was after the removal, more than 30 days after the Port and Research Fumigation were served, and more than 30 days after Paragon was allegedly served. D.E. 7.

---

[1] A consent to removal in a responsive pleading is effective. *E.g.*, *Mitchell v. Paws Up Ranch, LLC*, 597 F.Supp.2d 1132, 1142 (D. Mont. 2009). No specific form is required. *E.g., Pietrangelo, infra; Christiansen, infra*.

Esparza argues that Research Fumigation's consent was not timely. Consequently, there is a fatal defect in the removal of this action.[2] *E.g., Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2nd Cir. 2012) (the "rule of unanimity" requires that all defendants consent within the 30-day removal period); *Christiansen v. West Branch Community School Dist.*, 674 F.3d 927, 933 (8th Cir. 2012) (same); *Ortiz v. Young*, 431 Fed.Appx. 306, 308, 2011 WL 2555720, *1 (5th Cir. 2011) (rejecting party's claim that 30-day deadline should be excused for "exceptional circumstances" that were not evidenced). However, this defect in Research Fumigation's consent is only fatal to this removal if Paragon's 30-day removal deadline had, in fact, passed before the consent was filed. A defendant may amend and cure a notice of removal freely at any time before the expiration of the removal deadline. *E.g., Moody v. Commercial Ins. Co. of Newark, New Jersey*, 753 F.Supp. 198, 201 (N.D. Tex. 1990).

Paragon's removal deadline has been placed in issue because of its assertion in its Notice of Removal (D.E. 1), Answer (D.E. 3), and Motion to Dismiss (D.E. 11) that the attempted service of August 20, 2013, was not proper or effective. There is no question that Esparza must first properly serve Paragon with summons and a copy of the complaint before Paragon's 30-day removal deadline begins to run. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 348, 119 S.Ct. 1322, 1325 143 L.Ed.2d 448 (1999).

This case, having been originally filed in a Texas state court, was served under Texas rules. In particular, Tex. R. Civ. P. 106 and 108a govern service of process on a

---

[2] Paragon argues that Research Fumigation was improperly joined and thus its consent was not necessary. This Court does not find it necessary to address the issue of Research Fumigation's improper joinder.

defendant in a foreign country, such as Paragon.  Esparza, instead, chose to serve the Texas Secretary of State as Paragon's agent, treating Paragon as a "nonresident" under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*.

Whether service of process was proper under a state's long-arm statute in a case removed to federal court under diversity jurisdiction is determined under state law. *Dawkins v. White Products Corp.*, 443 F.2d 589, 591 (5th Cir. 1971); *Eyerly Aircraft Co. v. Killian*, 414 F.2d 591, 599 n.9 (5th Cir. 1969).  Esparza asserts that it properly served Paragon according to the Texas long-arm statute by serving the Texas Secretary of State, with instructions to mail process to Paragon's agent registered with the Securities and Exchange Commission (SEC).  *See* TEX. R. CIV. P. 103, 106; TEX. CIV. PRAC. & REM. CODE §§ 17.026, 17.041, *et seq.*; D.E. 14-3.  The Texas Secretary of State did so, resulting in service upon an attorney for Paragon at the attorney's office.

Assuming that service through the Secretary of State is a proper manner of service on a corporation formed and existing in another country,[3] that service requires that the Secretary of State be directed to, and actually, mail process to the person in charge of the defendant's business or to the defendant at the corporation's home office.  TEX. CIV. PRAC. & REM. CODE §§ 17.043, 17.045.  *See generally, Smith v. Nederlandsche Stoomvaart MIJ. ""Oceaan" N.V.*, 255 F.Supp. 548, 549 (S.D.Tex. 1965) (strictly

---

[3] *Duarte v. Michelin North America, Inc.*, No. 2:13–CV–00050, 2013 WL 2289942 (S.D.Tex. May 23, 2013) (Ramos, J., holding that service on a defendant that is a corporation organized and existing in a foreign country requires, even when utilizing the Secretary of State's long-arm procedure, compliance with an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention).  Plaintiff has not demonstrated compliance with any such internationally agreed means.

construing predecessor statute regarding service on Secretary of State to be forwarded to proper agent for the defendant corporation). Esparza's proof does not touch on these requirements. Instead, he relies on the fact that the attorney served was listed as Paragon's "agent for service" in its SEC filing. D.E. 14-3.

According to applicable regulations, "agent for service" on a Form F-1 filed with the SEC "means the person authorized in the registration statement to receive notices and communications *from the Commission*." 17 C.F.R. § 230.100(a)(5) (emphasis added). The Petition and summons served on the attorney who was registered as the agent for service on Paragon's Form F-1 (D.E. 14-3) was not a notice or communication "from the commission". Under Texas law, a corporation's registered agent for service of process is one who is registered as "an agent of the entity on whom may be served *any* process, notice, or demand required or permitted by law to be served on the entity." TEX. BUS. ORG. CODE § 5.201(b)(1) (emphasis added). No such general registered agency is reflected by the Form F-1 and its specific agency does not include the specific purpose of the service of process attempted here.

Plaintiff's proof shows that the principal executive offices of Paragon are in Athens, Greece. D.E. 14-3. Nothing in Plaintiff's Response to the Motion to Dismiss supports a conclusion that the SEC agent for service was also "the person in charge of the nonresident's business" or a "corporate officer" as required by TEX. CIV. PRAC. & REM. CODE § 17.045. Furthermore, Paragon has demonstrated that it does not have offices in the United States and contends that it does not do business in the United States. D.E. 11. The Court finds that service on the attorney identified in Paragon's Form F-1 was not

proper service under the Texas long-arm statute (noting the requirement of agreed international means of service for a corporation of a foreign country).[4]  Neither did Esparza show that the attempted service satisfied any other method permitted under Rules 106 and 108a.  The purported service on Paragon is therefore ineffective.

According to Texas law, a challenge to the effectiveness of service of process is made pursuant to a motion to quash under TEX. R. CIV. P. 122.  Under that procedure, the case is not dismissed.  Instead, defendant is deemed to appear the Monday next following the expiration of 20 days after the order quashing service.  Likewise, in federal court, dismissal is not required.  Under Rule 12(b)(5), it is a matter entrusted to the trial court's discretion.  *E.g., Lindsey v. U.S. R.R. Ret. Bd.,* 101 F.3d 444, 448 (5th Cir. 1996).  In particular, Rule 12(b)(5) does not mandate dismissal when it is possible for the defendant to be served.  *E.g., Ellibe v. Leonard,* No. 05–50637, 226 Fed.Appx. 351 (5th Cir. March 15, 2007) (*per curiam*, reversing dismissal for insufficient service of process and remanding for order to properly serve defendants); *Grant-Brooks v. Nationscredit Home Equity Services Corp.*, No. 3:01–CV–2327, 2002 WL 424566, *4 (N.D. Tex. March 15, 2002) (citing *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959)) (noting that dismissal is not appropriate where there has been only one attempt at service of process) and 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1354, at 289 (West 1990)).

Plaintiff has requested additional time to effectuate proper service on Paragon pursuant to TEX. R. CIV. P. 108a (D.E. 14, p. 8), and the Court notes that this request was

---

[4]  *See Duarte, supra* (footnote 4 herein).

made on November 27, 2013, within the 120 days permitted for service under FED. R. CIV. P. 4(m). The Court further notes that the previous attempt was calculated to, and did in fact, provide Paragon with actual notice of the suit and a timely opportunity to defend as intended by the rules governing service. *See* TEX. R. CIV. P. 108a. Under the circumstances, the Court finds good cause to permit Esparza additional time to properly effectuate service. To proceed in federal court, Esparza is required to serve Paragon pursuant to FED. R. CIV. P. 4(h) or obtain Paragon's waiver under FED. R. CIV. P. 4(d).

For these reasons, the Court GRANTS IN PART Paragon's Motion to Dismiss (D.E. 11) with respect to the Rule 12(b)(5) challenge to sufficiency of service of process, and QUASHES the purported service on Gary J. Wolfe, at the firm of Seward & Kissel LLP., and GRANTS ADDITIONAL TIME to Plaintiff to effectuate proper service on Paragon on or before February 24, 2014.

The Court finds that, because Paragon was not properly served, its removal deadline had not expired before Research Fumigation filed its consent to removal. Paragon's Notice of Removal is still effective. *Delgado v. Shell Oil Co.,* 231 F.3d 165, 177 (5th Cir. 2000). Therefore, Esparza's Motion to Remand (D.E. 9) with respect to his objection based on Paragon's failure to timely obtain all of the necessary consents is DENIED.

B. **Immunities and Improper Joinder of the Port**

Finding no procedural bar to removal, the next question is whether the causes of action asserted are removable. Esparza has alleged an in personam action based on common law causes of action for negligence and negligence *per se* against each

Defendant in a scenario involving a ship docked in a port in navigable waters in the course of maritime commerce. D.E. 1-1, pp. 16-18. The federal district courts are granted exclusive original jurisdiction over admiralty and maritime in rem actions pursuant to 28 U.S.C. § 1333. Under the saving-to-suitors clause of 28 U.S.C. § 1333(1), however, the exclusive nature of that jurisdiction is eliminated for in personam actions seeking remedies under general common law. *See generally*, WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE, § 3674 (Thomson Reuters 2013 & Supp. 2013) (addressing removal of admiralty cases and the saving-to-suitors clause).[5]

Federal jurisdiction here must be based on diversity of citizenship with its requisite amount in controversy. 28 U.S.C. § 1332(a); *see also* WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE, § 3674, *supra*. The parties do not dispute that the amount in controversy requirement is satisfied.

With respect to diversity of citizenship, Esparza is a citizen of Texas. D.E. 1-1, p. 14. Paragon and Research Fumigation are not citizens of Texas, but the Port, a political subdivision of the State of Texas, is a citizen of Texas. *Id.*, p. 15. Thus, because the presence of the Port as a party would destroy diversity, this Court is asked to determine whether the Port was improperly joined. If it was improperly joined, its citizenship may be disregarded for purposes of satisfying 28 U.S.C. § 1332.

The removal statute is strictly construed against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The burden of

---

[5] The law regarding removal based purely on admiralty jurisdiction is complex. Because the Court finds that the Port was improperly joined and diversity of citizenship exists, it is not necessary for the Court to determine whether removal based purely on admiralty jurisdiction is proper.

proof to demonstrate removal jurisdiction as well as fraudulent joinder is on the defendants. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004). That burden is a heavy one. *McKee, supra* at 334. In this endeavor, the Court resolves all contested fact issues and all ambiguities of state law in favor of the plaintiffs. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); see also *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

Paragon claims that Esparza cannot recover against the Port because the Port enjoys governmental immunity. *See*, *Guillory v. Port of Houston Authority*, 845 S.W.2d 812, 816 (Tex. 1993); Texas Tort Claims Act (TTCA), TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B) (defining political subdivisions as governmental units entitled to immunity). This is a defense that the Port has pled, thus allegedly defeating subject matter jurisdiction and shielding it from suit. D.E. 1-1, p. 21; *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).

Esparza argues that this Court is barred from considering the claim against the Port because of the Port's Eleventh Amendment immunity from suit in federal courts.

D.E. 9, p. 3. The Port's Eleventh Amendment immunity does not preclude this Court from examining the nature of the allegations to determine whether the state agency is a proper party to this case. *See generally, Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 319 (5th Cir. 2001) (analyzing both Eleventh Amendment and governmental immunity). Setting aside the Eleventh Amendment, the question is whether Esparza can penetrate the Port's governmental immunity, a matter that requires focus on the TTCA.

Esparza asserts that the Port waived its governmental immunity when it engaged in a "joint enterprise" with Paragon. D.E. 9, p. 5. The essential elements for a joint enterprise are: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. *St. Joseph Hospital v. Wolff*, 94 S.W.3d 513, 526 (Tex. 2002). While Esparza did not plead any of these elements, he argues that all of the elements obviously exist by looking at the readily apparent business relationship between Paragon and the Port.

Esparza does not suggest any relationship between the two that is not an arms-length, symbiotic relationship between the Port and a ship in the conduct of commerce. Esparza does not address the difference in the respective business functions of Paragon and the vessel's charterers as applied to the selection of the ports of call, docking, maintenance of the ship or its cargo, or any other interaction between the ship, the Port, and Esparza. There is nothing in Esparza's discussion to suggest that the Port can control Paragon's internal business activities (and vice versa) or share in the corporate profits and

losses of the business other than the terms on which they interact (if, in fact, they do directly interact) as separate organizations.

According to *Wolff*, a symbiotic business relationship is not enough to find a joint enterprise. *Wolff, supra* at 526-29 (holding that common relationships such as franchisor/franchisee, wholesaler/retailer, and baker and hot dog seller are insufficient, alone, to support a "joint enterprise" finding). Thus, there are insufficient facts under a *Twombly/Iqbal* analysis to permit an allegation of joint enterprise to move forward in this action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

With respect to the Port, Esparza's factual allegations are limited to the Port having "an agent on the dock who allowed the crew of the Pearl Seas and the supervisor for Research Fumigation Company to recklessly discard boxes and crates over the side of the Pear [sic] Seas, which caused and/or contributed to Plaintiff's injuries." D.E. 1-1, p. 16. In describing the conduct deemed negligent or negligent *per se*, Esparza speaks in terms of supervision, training, providing safety equipment, vicarious liability, regulations, and "other acts." D.E. 1-1, p. 17. Nothing in these allegations describe the Port's operation or use of a motor-driven vehicle, motor-driven equipment, or the condition or use of tangible personal or real property such as would be actionable under Texas law and therefore fall within the waiver of immunity permitted under the TTCA. TEX. CIV. PRAC. & REM. CODE § 101.021. Esparza has failed to allege sufficient facts to show that he could defeat the Port's governmental immunity.

The Court FINDS that the Port is improperly joined and its Texas citizenship is disregarded in the diversity analysis. Paragon has demonstrated that diversity of citizenship jurisdiction applies to support the removal of this case to federal court. The Motion to Remand (D.E. 9) is DENIED.

## CONCLUSION

For the foregoing reasons, the Court DENIES Esparza's Motion to Remand (D.E. 9) and GRANTS IN PART Paragon's Motion to Dismiss (D.E. 11) insofar as it QUASHES service on Paragon under Rule 12(b)(5) for insufficient service of process. In all other respects, the Motion to Dismiss (D.E. 11) is DENIED IN PART without prejudice to re-urge the Rule 12(b)(2) personal jurisdiction issue after proper service. The Court GRANTS additional time for service and ORDERS Esparza to effectuate service of process or gain a waiver of service on or before February 24, 2014.

ORDERED this 23rd day of December, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE